**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

February 28, 2022

**SO ORDERED**

*[Signature: Alison J. Nathan]*
3/1/22
SO ORDERED.
ALISON J. NATHAN, U.S.D.J.

**BY EMAIL AND ECF**

Honorable Alison J. Nathan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:   **United States v. Raul Polanco**, 11 Cr. 002 (AJN)

Dear Judge Nathan:

I write on behalf of Raul Polanco to respectfully request the early termination of his term of supervised release. Neither Probation nor the Government objects to this request.

Mr. Polanco was released from custody on July 19, 2019 and has been on supervised release since that time. He has been fully compliant with the terms of his supervision. His U.S. Probation Officer Christina Alexander-Nezbeth has confirmed that he has maintained stable residence and employment and has maintained compliance with the terms of his supervision. In consequence, she informs me that Probation does not object to early termination of his supervision. I have consulted with Assistant United States Attorney Rebecca Mermelstein and she informs me that the Government has no objection to early termination either.

The Court may terminate an individual's supervised release "at any time after the expiration of one year… if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, courts are directed to consider "the factors set forth in section 3553(a)(1), (a)(2)(B),

Hon. Alison J. Nathan                                                            February 28, 2022
United States District Judge                                            Page 2

**RE:**     **United States v. Raul Polanco, 11 Cr. 002 (AJN)**

(a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7)," essentially the same factors a court considers at sentencing. 18 U.S.C. § 3583(e).[1]

      "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends…" *United States v. Johnson*, 529 U.S. 53, 59 (2000). Mr. Polanco's performance on supervision makes clear that he has, in fact, successfully reintegrated to his community. For almost three years, he has demonstrated that he is on the path of a productive life. The termination of his supervision will allow him to truly put this case behind him and become a fully integrated back into his community.

      Thank you for your time and consideration of this matter.

                                                                    Respectfully submitted,

                                                                    /s/
                                                            Peggy Cross-Goldenberg
                                                            Supervising Trial Attorney
                                                            Federal Defenders of New York
                                                            646-588-8323
                                                            Peggy_cross-goldenberg@fd.org

      Cc:     AUSA Rebecca Mermelstein
                 USPO Christina Alexander-Nezbeth

---

[1] A court is not required to find "exceptional" circumstances to order early termination. That language does not appear in the statute. *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997), is often cited for this language. However, *Lussier*'s holding concerns the legality of modifying a restitution order post-sentencing. The court did not hold that exceptional circumstances were required for early termination – the only mention of such an idea is when the court noted, in passing, that "[o]ccasionally, changed circumstances-for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release- will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36. To the extent that the Court determines it must find exceptional or changed circumstances here, it should find them based on Mr. Polanco's full compliance, employment history, and strong family ties.